## Norfolk

STEPHEN J. SWANSON

v.

COMMONWEALTH OF VIRGINIA

No. 1453-86-1

Decided July 11, 1989

COUNSEL

Robert B. Halkowich (Spencer, Tanner and Halkowich; Harry E. Atkinson, on brief), for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Stephen J. Swanson (appellant) appeals from his Circuit Court of the City of Newport News (trial court) bench trial conviction of taking indecent liberties with a nine year old female child (victim). He asserts that the evidence failed to establish that the alleged offenses occurred within the time frame set forth in his indictment. The indictment alleged that appellant took indecent liberties with the victim "during the period of November, 1985 through May, 1986."

 On appeal of a conviction, we must consider the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Boykins v. Commonwealth*, 210 Va. 309, 311, 170 S.E.2d 771, 773 (1969). On direct examination, the victim, then ten years old, described in detail the indecent liberties she attributed to appellant. She related that the offenses occurred on more than five occasions between Christmas 1985 and May 4, 1986, while she was visiting the home of her grandparents where appellant also lived. She was unable to state specific dates on which the offenses occurred. Appellant does not assert that the foregoing evidence would have been insufficient to sustain the conviction. Instead, he argues that

when the victim was cross-examined she stated that she did not remember when the indecent liberties were taken and, therefore, the Commonwealth's evidence did not prove appellant guilty of criminal acts within the period alleged in the indictment.

During cross-examination some of her answers indicated that she did not remember when the crimes occurred. However, upon reviewing the entire examination by the defense we find that the victim was referred to the period "during Christmas (1985) and [her] birthday (May 4, 1986)" and questioned by defense counsel as follows:

Q. During any of these times did he touch you under your clothes?
A. He would take his fingers and like rub it against me.
Q. Through your clothes or under your clothes?
A. He went under my underpants. He would just lift my underpants up and put his fingers there and feel it.

Following those responses, defense counsel propounded further questions to the victim which she did not understand. The trial court sought to clarify the questions:

The Court: He's asking you if you told Ms. Krinick (Commonwealth Attorney) this morning that your uncle (appellant) took out his penis and showed it to you. That's what Mr. Atkinson (defense counsel) is asking you.
A. Yes, he did.

Viewed in its entirety the record discloses that issues of what the victim remembered and what occurred during the period alleged in the indictment were properly submitted to the trier of the facts.

The fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render his testimony nugatory or unworthy of belief. It is the province of the trier of the facts — jury or judge — "to pass upon such inconsistent statements and give or withhold their assent to the truthfulness of the particular statement." *Shelton v. Mullins*, 207 Va. 17, 22, 147 S.E.2d 754, 758 (1966). It is firmly imbedded in the law of Virginia that the credibility of a witness who makes incon-

sistent statements on the stand is a question for the jury, or for the trial court as a trier of the facts sitting without a jury. *Seay v. Commonwealth*, 184 Va. 883, 886-87, 37 S.E.2d 32, 33 (1946).

Here, the trial court saw and heard the victim testify. She was a ten year old female testifying in open court against her uncle who was supported by her grandparents. The Court's language in *Bradley v. Commonwealth*, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955) is relevant here:

> In testing the credibility and weight to be ascribed to the evidence, we must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree. So long as a witness deposes as to facts which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony. If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court. *Simpson v. Commonwealth*, 199 Va. 549, 557-58, 100 S.E.2d 701, 707 (1957).

Our review of the record discloses that it contained sufficient credible evidence to support the trial court's finding that appellant committed the offenses with which he was charged during the time frame alleged in the indictment. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.