MACK KIRBY, a/k/a

WILLIE MATTHEW KIRBY

v.

COMMONWEALTH OF VIRGINIA

No. 2116-92-2

Decided December 6, 1994

COUNSEL

Buddy A. Ward, Public Defender (Office of the Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal of his conviction for distribution of cocaine, Mack Kirby contends (1) that the Commonwealth failed to establish that the cocaine analyzed by the laboratory was acquired from him; (2) that the evidence was insufficient to support his conviction; and (3) that the trial court erred in denying his motion to set aside the verdict and to award him a new trial. We find the chain of possession and the evidence sufficient. However, we find that the trial court erred in denying Kirby's motion to set aside the verdict and to grant him a new trial, and we reverse and remand on that ground.

I.

On November 21, 1991, Rick Loftis, an investigator for the Southside Regional Drug Task Force, met Robert Martin, a paid undercover drug purchaser. Loftis searched Martin and his car, confirming that he possessed no drugs. Loftis then gave Martin a $20 bill, a white envelope labeled "#1," a tape recorder, and a new tape, also labeled "#1." Martin left at 7:10 p.m. to purchase drugs at Sinai Village Apartments.

Martin testified that upon arriving at the apartments, he met Kirby, whom he had known for several years. He asked Kirby whether he could purchase some drugs. Kirby agreed, took the $20 bill, and gave Martin a "twenty" of rock cocaine. The transaction was recorded on the audiotape. Martin returned with the cocaine around 8 p.m. He dated and timed the audiotape, sealed it in the white envelope with the cocaine, and handed the envelope

to Loftis. Loftis had Martin initial the envelope and locked it in the trunk of his car. The next day, Loftis mailed the envelope to the laboratory.

Martin admitted that he had been convicted of numerous felonies and of one shoplifting charge.

At trial, Loftis identified (1) the certified receipt showing that he mailed the envelope, (2) the return receipt showing that the laboratory received the envelope, (3) the laboratory analysis, and (4) the white envelope. The audiotape, introduced at trial, was labeled "11-21-91, Mack Kirby, #1, 7:30 p.m."

On May 26, 1992, the trial court convicted Kirby of distribution of cocaine. At his October 19, 1992 sentencing hearing, Kirby moved to set aside the verdict and for a new trial on the ground that after-discovered evidence proved the unreliability of the Commonwealth's central witness, Robert Martin.

In support of the motion, Kirby called Max Franklin, supervisor of the Southside Regional Drug Task Force. Franklin testified that Martin had worked for various officers under his supervision and that his investigators had discovered that two drug purchases, one by Martin and one by another purchaser, made several miles apart in Mecklenburg County on June 11, 1992, were reported to have occurred at the same time from the same seller. The other purchaser admitted to investigators that he and Martin had fabricated the tape of one of the purchases. Martin admitted to Franklin that he had participated in contriving the fictitious purchase and stated that there was "something wrong with a couple of [other tapes]." However, he told Franklin that the transactions he made in Halifax County were made "exactly as he reported them," and in particular, that his purchase from Kirby "had gone exactly as he had reported it and he testified in Court as it had gone down." Franklin testified that Martin admitted participation in fictitious drug purchases only when there was evidence of his falsifying.

The evidence disclosed that Martin worked alone in Halifax County. He did not begin working with the other purchaser in Mecklenburg County until more than six months after the November 21, 1991 transaction with Kirby. The other purchaser instigated the fictitious purchases and had falsified purchases

before Martin arrived in Mecklenburg County and began working with him.

The trial court refused to set aside the verdict, denied the motion for a new trial, and imposed sentence upon the May 26, 1992 conviction.

## II.

Kirby first contends that the Commonwealth failed to establish the required chain of possession because Martin never identified the cocaine that was tested by the laboratory as the substance he received from Kirby. Consequently, Kirby argues, the evidence failed to prove that the cocaine Martin gave Loftis was the same substance Martin had received from Kirby. We find this argument meritless.

Martin testified that he placed the substance acquired from Kirby in the envelope labeled "#1." He sealed and initialed the envelope and gave it to Loftis. Loftis identified the envelope and described the manner in which he secured it and its contents prior to mailing them to the laboratory. He produced mailing and return receipts. This evidence afforded sufficient assurance that the substance received and analyzed by the laboratory was the same substance acquired by Martin from Kirby. *See Horsley v. Commonwealth*, 2 Va. App. 335, 338, 343 S.E.2d 389, 390-91 (1986).

## III.

Kirby next contends that the evidence was insufficient to support his conviction because (1) the chain of possession of the subject substance was not unbroken from Kirby to the laboratory, (2) Martin's prior felony record rendered his testimony incredible, and (3) evidence of Martin's falsification of other drug purchases rendered his testimony incredible. We find this argument unconvincing.

We have found the chain of possession of the subject material sufficient. The second and third points of Kirby's argument address Martin's credibility, not the sufficiency of his testimony. We give deference to the trial court's assessment of Martin's credibility and will not disturb its finding unless it is plainly wrong. The evidence provides no basis for such a holding. *See Swanson v. Commonwealth*, 8 Va. App. 376, 379, 382 S.E.2d 258, 259

(1989).

## IV.

 Finally, Kirby contends that the trial court erred in denying his motion to set aside the verdict and award him a new trial. We agree.

Motions for new trials are addressed to the sound discretion of the trial court and are not favored.

> Courts may properly require that it shall be made to appear affirmatively that the new evidence tending to show the mistake or the perjury exists beyond question and is not a mere matter of belief or opinion. Before setting aside a verdict, the trial court must have evidence before it to show in a clear and convincing manner "as to leave no room for doubt" that the after-discovered evidence, if true would produce a different result at another trial.

*Carter v. Commonwealth*, 10 Va. App. 507, 513, 393 S.E.2d 639, 642 (1990) (citation omitted).

> [S]uch a motion is received cautiously, is awarded with great reluctance, and is addressed to the sound discretion of the trial court.

*Whittington v. Commonwealth*, 5 Va. App. 212, 215, 361 S.E.2d 449, 451 (1987). Under the facts of this case, the trial court abused its discretion in denying Kirby's motion to set aside the verdict and award him a new trial.

Martin dealt alone with Kirby. No one else was present. Proof that Martin obtained the cocaine from Kirby was based solely on Martin's testimony. Kirby's conviction depended upon the trial court's satisfaction beyond a reasonable doubt that Martin was telling the truth.

The after-discovered evidence went beyond mere impeachment of Martin's credibility. It disclosed a scheme of falsification, in which Martin had participated, relating to the investigative operation that produced the charge against Kirby. Generally, assessment of the credibility of witnesses and the significance of impeachment is a determination for the finder of fact. However, that

assessment must be made in a context of full disclosure.

The trial court's consideration of Investigator Franklin's description of Martin's falsification in the light of its recollection of Martin's earlier testimony was insufficient. Franklin's testimony raised a substantial likelihood that Martin was unworthy of belief. The Commonwealth's Attorney had dismissed other cases upon such a conclusion. Under those circumstances, the trial court abused its discretion in denying a new trial at which Franklin's testimony, and other evidence to the same effect, could be fully adduced and used to confront and cross-examine Martin.

The judgment of the trial court is reversed and this case is remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*

Elder, J., concurred.

Benton, J., concurring in part, and concurring in the remand for a new trial.

I agree with the portion of the opinion that holds that the trial judge erred in failing to grant a new trial. Because the evidence that compels a new trial bears upon the validity of the evidence introduced at trial to prove the chain of possession and the defendant's guilt, I believe that this Court should hesitate to affirm those issues. By deciding those issues the Court risks giving its imprimatur to evidence that may have been fabricated. Under the circumstances that have been established on this record to warrant a new trial, I would confine our opinion to the matter of the new trial. As to the other issues, I would simply hold that the record does not warrant a dismissal of the indictment.