COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


KESTER ANSEL MARCUS

v.          Record No. 1307-94-1       MEMORANDUM OPINION[*]
                                     BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                   JULY 5, 1995


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         John D. Gray, Judge

          Terry N. Grinnalds for appellant.

          Robert B. Beasley, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.



     Kester Ansel Marcus appeals his conviction for distribution of cocaine.  The sole issue on appeal is whether the evidence is sufficient to support the conviction.  For the reasons that follow, we affirm the conviction.

     Police officers executed a search warrant at the home of James Jordan for evidence from a robbery.  After knocking and receiving no answer, the officers entered the house.  They observed Kester Ansel Marcus, the appellant, running toward a back room.  He ran into a bathroom and slammed the door shut. Detective Lawrence Nisley followed Marcus, kicked open the door, and found Marcus standing against a bathroom window clutching to his chest an open aspirin bottle that contained cocaine residue. Detective Nisley found nine packs of United States currency on

---

        [*] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Marcus, including eight packs containing $100 and one pack containing $65. In the front room, the officers found James Jordan seated with a "plate" of cocaine on his lap. A bottle cap that fit the aspirin bottle which Marcus held was on the floor beside Jordan.

At trial, Jordan testified that when the police entered the room, Marcus "threw" the plate of cocaine onto Jordan's lap and ran for the bathroom. Jordan testified that Marcus had made at least three sales of cocaine from the house on that day. Jordan testified that he allowed Marcus to sell cocaine from his home because he (Jordan) owed money to one of Marcus' "partners" and felt like he had no choice.

Patsy Griggs, an "acquaintance" of Marcus, testified that she had purchased $50 worth of cocaine from Marcus at Jordan's house earlier that day and that there were nine or ten people in the house "just selling and buying cocaine."

On appeal we view the evidence in the light most favorable to the Commonwealth and grant to it "all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). In reviewing the sufficiency of the evidence, we discard all evidence of the accused that conflicts with that of the Commonwealth and we regard as true all credible evidence favorable to the Commonwealth. Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). The credibility of the witnesses and the

weight assigned to their testimony are matters exclusively for the fact finder. Cappola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979), cert. denied, 444 U.S. 1103 (1980); Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989).

Jordan testified that Marcus made at least three cocaine sales on the day he was arrested. Griggs testified that she personally purchased cocaine for $50 from Marcus. When the officers entered the dwelling, Marcus took flight, entered a bathroom, and closed himself in. In his possession was a bottle containing cocaine residue and $865 in packaged bills. The evidence proves beyond a reasonable doubt that Marcus distributed cocaine.

Affirmed.