COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

K. ROBIN LAING

MEMORANDUM OPINION[*] BY
v.          Record No. 1693-94-3          JUDGE LARRY G. ELDER
JULY 18, 1995

STEPHEN DADE WALKER

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Kenneth I. Devore, Judge

Melissa A. Hobbie (Phillips, Webb & Wallerstein,
P.C., on briefs), for appellant.

Donald B. Irons for appellee.


K. Robin Laing (Mother) appeals the trial court's final custody decree, which awarded sole legal custody of two of the parties' minor children to Stephen Dade Walker (Father). On appeal, Mother contends that the trial court erred in failing to apply the two-step analysis articulated in Keel v. Keel, 225 Va. 606, 303 S.E.2d 917 (1983), when it modified its earlier custody order. Assuming the trial court properly applied the Keel analysis, Mother asserts that Father presented insufficient evidence to prove that there was a change in circumstances necessitating a custody modification and presented insufficient evidence that such modification was in the children's best interests. Because the trial court committed no error, we affirm the custody order.

After the parties divorced on October 10, 1991, they were

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

appointed joint legal custodians of their three children, Kelly, Dana, and Eric. Mother was granted primary physical custody of the children, while Father was given liberal visitation rights. On April 30, 1993, the parties agreed to maintain joint legal custody of all three children but to grant Father primary physical custody of Kelly.

Father filed a petition for custody of Dana and Eric on May 20, 1993, alleging that there had been "a material change of circumstances" since April 30, 1993, necessitating modification of custody. The record reveals, and Father conceded at oral argument, that the sole changed circumstance involved Mother's proposed move to Egypt. On August 20, 1993, Mother notified Father and the trial court that she had canceled plans to move to Egypt and that any further proceedings would be unnecessary. Nevertheless, after hearing extensive testimony on July 27, 1994, the trial court entered a final decree awarding Father sole legal and physical custody of Dana and Eric, subject to Mother's visitation rights. Mother appeals the trial court's order.

This Court reviews the evidence in the light most favorable to the prevailing party below. Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988). "The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).

## APPLICATION OF KEEL v. KEEL

In determining whether a change in custody is warranted, the trial court must apply a two-part test: (1) whether there has been a change of circumstances following the most recent custody award, and (2) whether a change of custody would be in the best interests of the child. Keel, 225 Va. at 611, 303 S.E.2d at 921. Based on the record, we cannot say that the trial court failed to apply Keel's two-step analysis.

Although the trial court never explicitly stated the procedure it was following, the record reveals that it was aware that the "change in circumstances" prong of the Keel test was a contested issue. For example, at the August 26, 1993 hearing on temporary custody, Mother's counsel addressed the issue of the "scope of this hearing," stating that "there has been no change in circumstance since [the April 30, 1993] order." Additionally, Mother objected in written form to the trial court's temporary custody order, in which she wrote that "[F]ather failed to establish a change in circumstances since the parties' April, 1993 Agreed Order," again alerting the trial court to this issue.

We follow our holding in Peple v. Peple, 5 Va. App. 414, 364 S.E.2d 232 (1988), another child custody case in which the mother alleged that the trial court failed to apply the "change in circumstance" standard. This Court held that, "[t]he record . . . does not definitely reveal the procedural standard that the

chancellor applied. However, he specifically concerned himself with the proper procedural standard to apply, and from his comments we conclude that he applied the 'change in circumstance' test." 5 Va. App. at 418, 364 S.E.2d at 235. See also Hughes v. Gentry, 18 Va. App. 318, 443 S.E.2d 448 (1994).

## II.

## CHANGE IN CIRCUMSTANCES

Second, we cannot say the trial court erred in determining that changed circumstances warranted a re-examination of the custody issue. As this Court recognizes, "whenever the evidence suggests . . . that the relocation of the custodial parent may not be in the child's best interests, the relocation of the custodial parent constitutes a material change in circumstances." Hughes, 18 Va. App. at 322, 443 S.E.2d at 451.

We conclude that Mother's decision not to relocate to Egypt, after having made extensive plans to do so, constituted a changed circumstance in and of itself. The record reveals that at the July 15, 1993 hearing on temporary custody, Mother's counsel stated that Mother and her new husband had each recently completed their higher educations, that they had no source of income in the United States, and that they had found sources of income in Egypt. Mother herself stated that she had written stories for Dana and Eric about Egypt that were designed to prepare the children "to start to bond with [the] idea [of moving to Egypt]." Mother stated that Dana and Eric were "both fully

-4-

prepared to go to Egypt," and that Dana remarked, "Well, when are we gonna go, when are we gonna go?  What are we waiting for?"

On August 20, 1993, Mother abandoned all plans to move to Egypt, instead deciding to remain in Blacksburg for at least one more year.  We conclude that this reversal in plans was a circumstance that the trial court could and did validly take into account in determining whether changed circumstances still warranted a hearing to determine custody.  As the Supreme Court explained in Keel, the "change of circumstance" prong is a "broad" test that includes "any myriad of changes that might exist as to [the minor children]," including negative events in the custodial parent's home and the creation of a stable home environment.  Keel, 225 Va. at 612, 303 S.E.2d at 921.  Thus, the issue of whether Mother and her new husband could provide continuing stability for Dana and Eric became a critical issue, not only at the time Mother announced her plans to move to Egypt, but also after she canceled those plans.

## III.

## BEST INTERESTS OF THE CHILDREN

Third, we hold that there was credible evidence to support the trial court's determination that the children's best interests would be served by granting legal and physical custody to Father.  In determining best interests, a trial court is required to consider the enumerated factors prescribed in Code § 20-107.2.  The trial court does not abuse its discretion where

-5-

there is some foundation for its action in the evidence presented, even though it failed to describe or quantify the weight given to each statutory factor.  See Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)(applying this rule to factors for determining support).

The record shows the trial court heard extensive testimony and received reports and letters from numerous witnesses, most of which described nurturing and stimulating environments provided by each parent.  As we have stated:

> In testing the credibility and weight to be ascribed to the evidence, we must give trial courts . . . the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989).  In light of these factors, we cannot say that the trial court abused its discretion.

For these reasons, we affirm the custody order.

Affirmed.