COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


KENNETH McKAE PEELE

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1792-97-1    JUDGE DONALD W. LEMONS
                                      SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   James A. Cales, Jr., Judge

          Dianne G. Ringer, Senior Assistant Public
          Defender, for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Kenneth McKae Peele was convicted in a bench trial of

malicious wounding.  On appeal, he contends that the evidence was

insufficient to support his conviction.  We disagree and affirm

the conviction.

     On March 20, 1996 at approximately 9:30 p.m., Kevin

Brantley, the victim, drove into the drive-through lane at a

Bojangles restaurant located in the City of Portsmouth.  After

placing his order, Brantley drove around the corner of the

building to the pick-up window.  Peele was standing in the

drive-through lane.  When Brantley approached the window, Peele

told him that he had almost been hit by Brantley's car.  Brantley

stated that he had not expected anyone in the drive-through lane.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Then Peele leaned into the pick-up window and remained in the drive-through lane.  Brantley leaned out of his car window and asked if there was a problem.  There was no response from Peele, and he continued to stand at the window.  A few moments later, Brantley stepped out of the car to "see what was going on."

Brantley testified that Peele circled around the car and approached him from behind the car.  Brantley stated that Peele and another man attacked him, hitting and kicking him beside Brantley's car.  Brantley testified that Peele knocked him to the ground, striking him with his fists and feet.  As a result of this beating, Brantley suffered a broken bone in his neck, as well as various cuts, bruises, and scrapes on his face.

Upon routine patrol, Deputies Gerald Lee Boone and Paul A. Ewing of the Portsmouth Sheriff's Office observed Peele and two other men standing around Brantley.  The deputies testified that they watched Peele hit Brantley twice with his fists, and also saw Peele use his knee to strike Brantley in the face as Brantley fell to the ground.

In Peele's defense, Tomika Kilabrew testified that she was working at the pick-up window at Bojangles on the night of the incident.  Kilabrew testified that she heard Peele and Brantley exchange words, including racial epithets.  She also testified that Brantley appeared annoyed with her and her manager because she was serving Peele, a pedestrian, at the pick-up window. Kilabrew was preparing orders and did not observe the beginning

of the fight.

Peele testified on his own behalf that he had been standing in the drive-through lane when Brantley drove toward him. Peele stated that Brantley threatened to run him over and used racial slurs. Peele further testified that after he refused to move away from the window, Brantley got out of his car and approached him. Peele stated that he acted out of self-defense.

Peele maintains that the evidence was insufficient to convict him of malicious wounding because neither "malice" nor "intent to permanently maim, disfigure or kill" was proven. Additionally, he alleges that the trial court erred in rejecting his claim of self-defense.

"When the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990) (citing Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984)). On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it. King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

> The weight which should be given to evidence
> and whether the testimony of a witness is
> credible are questions which the fact finder
> must decide. However, whether a criminal
> conviction is supported by evidence

> sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

"Intent is the purpose formed in a person's mind that may, and often must, be inferred from the facts and circumstances in a particular case, and may be shown by a person's conduct." Hernandez v. Commonwealth, 15 Va. App. 626, 632, 426 S.E.2d 137, 140 (1993) (citing Long v. Commonwealth, 8 Va. App. 194, 379 S.E.2d 473 (1989)). Even in an unarmed assault, the intent to maim, disfigure or kill can be inferred from the grievous nature of the injuries inflicted. Hernandez, 15 Va. App. at 631, 426 S.E.2d at 140 (citing Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944)).

"The element in malicious wounding that distinguishes it from unlawful wounding is malice, expressed or implied, and malice in its legal acceptation, means any wrongful act done willfully or purposefully." Hernandez, 15 Va. App. at 631, 426 S.E.2d at 140 (citing Williamson v. Commonwealth, 180 Va. 277, 280, 23 S.E.2d 240, 241 (1942)). Proof of malice may, and most often must, be inferred by the fact finder from the facts and circumstances of a particular case, which may be shown by a person's conduct. Long, 8 Va. App. at 198, 379 S.E.2d at 475-76.

Peele contends that the evidence revealed reasonable provocation sufficient to negate malice. "[M]alice and heat of passion are mutually exclusive; malice excludes passion, and

passion presupposes the absence of malice." Barrett v. Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986). "[I]n order to determine whether the accused acted in the heat of passion, it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted." Id. Words alone are never sufficient to constitute provocation. See Martin v. Commonwealth, 184 Va. 1009, 1021, 37 S.E.2d 43, 48 (1946).

Finally, Peele argues that he was entitled to use force against Brantley on the basis of self-defense. "[A] person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault." Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989). The amount of force used to defend oneself, however, must not be excessive and must be reasonable in relation to the perceived threat. Id.

The evidence before the trial court was in conflict. According to Brantley, there was no provocation, no uttering of racial slurs, and no physical movement toward Peele. Brantley testified that Peele and another man approached Brantley, trapping him between themselves and his open car door. According to Brantley, Peele knocked him to the ground and continued to strike him with fists and feet. The officers corroborated Brantley's testimony, and also stated that they observed Peele strike Brantley in the face with his knee. Brantley sustained

cuts and bruises, including a broken bone in his neck and bleeding from his nose, forehead and cheek.

Conversely, Peele testified that Brantley got out of his car and began to move toward Peele in a threatening manner, as if to strike him, using abusive language. Peele testified that the fight took place in front of the car as Brantley approached him. The court also heard the testimony of a witness who stated that she heard Brantley utter racial slurs toward Peele. This witness, however, by her own admission, did not see the inception of the fight.

The trial judge resolved questions of credibility against the appellant.

> "In testing the credibility and weight to be ascribed to the evidence, we must give [the] trial court[]. . . the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them."

Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989) (quoting Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955)).

The credible evidence presented was sufficient to allow the court to conclude that Peele did not act in self-defense or in response to sufficient provocation and that he did act with malicious intent to maim, disfigure or kill his victim. Accordingly, the conviction is affirmed.

<u>Affirmed.</u>