COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


ROBERT WAYNE HICKSON, JR.
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2482-97-3    JUDGE DONALD W. LEMONS
                                      NOVEMBER 17, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                       Ray W. Grubbs, Judge

          Dutton Olinger (Attorneys & Counselors at Law
          of America, P.C., on briefs), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.



     Robert Wayne Hickson, Jr. was convicted in a bench trial of

arson.  On appeal, he contends the evidence was insufficient to

sustain his conviction.  We disagree and affirm the conviction.

                           BACKGROUND

     On the morning of August 10, 1995, Michelle Nicole Price

observed a white car stop in front of a trailer home owned by

Michael Eastridge.  Eastridge's trailer home was located next to

Price's house.  Price saw a man exit the car and overheard

yelling and what appeared to be rocks hitting a sign.  She saw

the man return to the car, in which a passenger remained seated,

and drive away.

     That evening, Robert Wayne Hickson, Jr., appellant, and Gary

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Hall Spence met at a campsite in Radford, Virginia. Hickson and Spence talked with a group of five or six other men. Spence testified that he overheard Hickson mention that "somebody owed him money."

Spence and Hickson left the campsite together between 8:30 and 9:00 p.m. in Hickson's car, and proceeded toward Elliston. While driving on Route 460, Spence testified that Hickson stopped the vehicle by the side of the road and exited the car. Spence assumed that Hickson was "getting out to relieve hisself [sic]." However, Spence stated that he then heard the "hatch rattling." Spence testified that Hickson left the area of the car, but he did not see where Hickson went. Spence stated that he next heard an explosion. He observed flames off to the left of the car. After Spence heard the explosion and saw the flames, Hickson returned to the car and made a reference to "fire," but said nothing further. Spence admitted he had consumed approximately twelve beers that evening, although he said he was not drunk.

At approximately 11:15 p.m. that evening, Deputy Sheriff Investigator Norman Croy, a specialist in fire investigation, responded to a call from Michael Eastridge's mobile home, located in the Elliston area of Montgomery County. When he arrived at the scene, he found that the home was still partially on fire. Croy found a red gasoline container at the rear of the trailer, approximately six feet from the porch steps. Croy noticed random patterns of gasoline both on and beneath the steps, which

indicated that gas had been thrown quickly.  He testified that the fire "was started on the back porch with gasoline."  Croy stated that a fire set in this manner would cause a "flash" and then an audible "whooshing sound."  Through his investigation, Croy determined that at the time of the fire, Hickson was "associated" with a white car with a "hatch" rather than a trunk.

### SUFFICIENCY OF THE EVIDENCE

Hickson claims the evidence was insufficient to sustain his conviction for arson because the Commonwealth failed to prove he was the person who started the fire.  Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).  On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it.  King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

The Commonwealth may prove the commission of the crime of arson through circumstantial evidence if that evidence excludes every reasonable hypothesis of innocence and points unerringly to the defendant.  Cook v. Commonwealth, 226 Va. 427, 309 S.E.2d 325 (1983).  Cook appealed his conviction for arson involving the burning of an apartment leased to him, arguing in part that the

Commonwealth's use of circumstantial evidence failed to prove beyond a reasonable doubt that he had started the fire.  See id. at 431–32, 309 S.E.2d at 328.

The Cook Court noted that "[a]rson is a crime of stealth. The perpetrator is seldom observed, seldom confesses, and if skillful, leaves few traces of his presence.  The proof is often necessarily circumstantial."  Id. at 432, 309 S.E.2d at 328–29. Thus, "[w]here circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence, it is sufficient to support a conviction.  The hypotheses which must be thus excluded are those which flow from the evidence itself, and not from the imaginations of defense counsel."  Id. at 433, 309 S.E.2d at 329.

In support of his claim of innocence, Cook cited the accessibility of others to the apartment at the time of the fire and the presence of a key to the apartment beneath the doormat. The Virginia Supreme Court held that "the jury considered these facts and rejected, as it was fully entitled to do, the inferences Cook contends it should have drawn.  It is the province of the jury to determine the inferences to be drawn from circumstantial evidence."  Id. at 432, 309 S.E.2d at 329.  Among the facts the Court noted in support of its affirmation of the conviction were:

1)    As a result of delinquent rent, Cook's personal property in the apartment was subject to a sheriff's levy;

2)    Cook procured renter's insurance five days before the fire;

3)  Although delinquent on his rent, Cook made sure the premium on his fire insurance policy was paid;

4)  Cook was the only person present at the apartment on the night of the fire;

5)  Cook lied about ownership of some of the personal property;

6)  Expert testimony excluded any reasonable hypothesis of accidental cause; and

7)  Cook was seen driving by the apartment immediately after the fire was extinguished.

The Court found this circumstantial evidence in its entirety sufficient to uphold the conviction.

In the matter now before us, Price testified that on the morning of the fire, she saw a man in a white car approach Eastridge's mobile home and heard yelling. That evening, Spence testified that he overheard Hickson say someone owed him money. Spence then accompanied Hickson to an area located within a half-mile of the trailer home and heard Hickson open the rear hatch of the vehicle. After Hickson walked away from the car, Spence heard a small explosion and saw flames. Spence testified that after hearing the explosion and seeing the flames, Hickson returned to the car, making a reference to "fire." Deputy Croy testified that the trailer home of Michael Eastridge was severely damaged by a fire that was started with gasoline. Croy also testified that at the time of the fire, Hickson was "associated" with a white car that had a "hatch" rather than a trunk.

> In testing the credibility and weight to be ascribed in the evidence, we must give the trial court . . . the wide discretion to which a living record, as distinguished from

>a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989) (quoting Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955)).

Based upon the evidence, we cannot say the trial judge was plainly wrong or that no credible evidence supports the conviction. Additionally, we find that the circumstantial evidence introduced excluded every reasonable hypothesis of innocence. The judgment of the trial court is affirmed.

Affirmed.