COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


MICHAEL ANDREA JONES

MEMORANDUM OPINION[*] BY
v.    Record No. 0567-98-1          JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 8, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
S. Bernard Goodwyn, Judge

Randolph D. Stowe (Randolph D. Stowe, P.C.,
on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from his convictions of two counts of robbery, in

violation of Code § 18.2-58; two counts of use of a firearm in

the commission of the robbery, in violation of Code § 18.2-53.1;

and one count of burglary, in violation of Code § 18.2-90,

Michael Andrea Jones contends that the trial court erred (1) in

denying his motion for a mistrial because the Commonwealth

failed to provide material exculpatory evidence pursuant to a

court order, and (2) in refusing to dismiss the charges based on

the inherent incredibility of the victims.  We find no

reversible error and affirm the judgment of the trial court.

———————————————

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On June 7, 1997, at about 7:00 p.m., Shelly Highter-Westbrooks and Sherry Foreman were at Highter-Westbrooks' apartment with two friends and Highter-Westbrooks' two children.  Highter-Westbrooks was in the kitchen, having just brought in her groceries.  Jones suddenly entered the apartment through the screen door, pulled a silver revolver from his red, white, and blue jacket, and threatened Highter-Westbrooks and her guests.  Upon Jones' demand, Highter-Westbrooks pulled $216 from her pocket and threw it on the table.  Jones grabbed that money and Foreman's purse and left.

The jury convicted Jones of two counts of robbery, in violation of Code § 18.2-58; two counts of use of a firearm in the commission of a robbery, in violation of Code § 18.2-53.1; and one count of burglary, in violation of Code § 18.2-90.  He was sentenced to thirty-three years imprisonment.

## I.  EXCULPATORY EVIDENCE

Jones moved for a mistrial on the ground that the Commonwealth had failed to disclose material, exculpatory evidence, in violation of a pretrial discovery order.  After the trial, defense counsel discovered that Officer Thomas Foster,

-

who investigated the incident, had noted that "[b]oth victims advised that they knew the suspect because he hangs out in [the apartment complex] frequently."  Jones argues that this evidence was material and exculpatory because, at trial, Highter-Westbrooks testified that she did not know Jones before the incident.

To warrant a new trial, Jones must establish that the Commonwealth failed to disclose "evidence favorable to [him] that [was] material to either guilt or punishment."  Hughes v. Commonwealth, 18 Va. App. 510, 525, 446 S.E.2d 451, 460 (1994) (citation omitted).  Such

> evidence is material . . . "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  . . . "[T]he defendant has the burden of demonstrating that the [Commonwealth] withheld favorable evidence and . . . that defendant would have obtained a different result had he use of the evidence."

Id. at 525-26, 446 S.E.2d at 461 (citations omitted).

At the hearing on the mistrial motion, Officer Foster explained that he had not quoted either victim in his notes, but rather had summarized what they told him.  He testified that both women were "hysterical and crying."  He further testified that, "[the victims] didn't say they know him.  They conveyed to me in the description that they were giving to me and that they

-

had seen him before and I used the word that they knew him in the context that they have seen him before in the complex . . . ." Officer Foster explained that the basis for his notes was Foreman's account, and it was unclear whether Highter-Westbrooks had simply agreed with Foreman. Considering this testimony, we find no reversible error in the trial court's decision that non-disclosure of the notation did not require a new trial.

Jones argues that had he possessed the noted information at trial, he could have impeached Highter-Westbrooks' credibility and that denial of this information denied him due process. He testified that he had a sexual relationship with Highter-Westbrooks before the incident and that they had argued about his involvement with another woman. At trial, however, both Highter-Westbrooks and Foreman were cross-examined extensively about inconsistencies between their trial testimony and their testimony at the pretrial hearing. Even if Officer Foster's notes had contradicted Highter-Westbrooks' testimony, "[n]ondisclosure of cumulative evidence does not violate due process of law." Lemons v. Commonwealth, 13 Va. App. 668, 672, 414 S.E.2d 842, 845 (1992) (citation omitted).

## II. SUFFICIENCY OF THE EVIDENCE

Jones contends that the evidence is insufficient to sustain his convictions because Highter-Westbrooks' and Foreman's testimony was inherently incredible as a matter of law. We

-

disagree. Both women were cross-examined extensively about inconsistencies in their pretrial statements and their trial testimony. Highter-Westbrooks was questioned about her alleged prior relationship with Jones. She maintained that she did not know him and had had no relationship with him.

> The fact a witness makes inconsistent statements in regards to the subject matter under investigation does not render [her] testimony nugatory or unworthy of belief. It is the province of the trier of facts - jury or judge – "to pass upon such inconsistent statements and give or withhold their assent to the truthfulness of the particular statement."

Swanson v. Commonwealth, 8 Va. App. 376, 378, 382 S.E.2d 258, 259 (1989) (citation omitted).

> Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify. . . . The jury's finding that a particular witness was credible will not be reversed on appeal unless plainly wrong or without evidence to support it.

Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993) (citations omitted). Any inconsistencies in Highter-Westbrooks' or Foreman's testimony were addressed fully through cross-examination. We find no plain error in the jury's determination of their credibility.

The judgment of the trial court is affirmed.

Affirmed.

-