COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued at Salem, Virginia


JERRY DAVID SAYERS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1504-06-4                    JUDGE LARRY G. ELDER
                                                      DECEMBER 11, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                              Henry A. Vanover, Judge

            Richard C. Patterson (Gillespie, Hart, Altizer & Whitesell, P.C., on
            brief), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Jerry David Sayers (appellant) appeals from his jury trial conviction for statutory

burglary pursuant to Code § 18.2-90, based on an entry "in the nighttime . . . without breaking"

with intent to commit murder.  On appeal, he contends the evidence was insufficient to support

his conviction because it proved he had permission to enter the residence at issue.[1]  Because the

evidence, viewed in the light most favorable to the Commonwealth, supported the jury's finding

that appellant's entry was without permission, we affirm appellant's conviction.[2]

        _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant does not contest the sufficiency of the evidence to prove he acted with the
requisite intent, and thus, we do not recount the evidence relating to that issue.

        [2] The Commonwealth contends proof of permission negates only the element of breaking
and that, because this element was not required to be proved in appellant's case, in which the
charge was based on an entry "in the nighttime . . . *without breaking*," the existence of
permission to enter is not relevant.  The Commonwealth also argues that, even if appellant
"generally had consent to enter, the scope of the permission did not include entry for the purpose
of killing [wife]."  See Clarke v. Commonwealth, 22 Va. App. 673, 675-77, 472 S.E.2d 663,

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Further, the fact finder may accept some parts of a witness' testimony and reject others. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "The fact that a witness makes inconsistent statements . . . does not render his testimony . . . unworthy of belief. . . . It is firmly imbedded in the law of Virginia that the credibility of a witness who makes inconsistent statements on the stand is a question for the jury . . . ." Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). The jury's verdict "shall not be set aside unless it appears from the evidence that [the verdict] is plainly wrong or without evidence to support it." Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Here, the testimony of Michael Murphy, Sr., viewed in the light most favorable to the Commonwealth, supported the jury's finding that appellant's entry of the Murphy residence on the night of March 7, 2003, was without permission. Murphy testified that, although appellant

---

664-65 (1996) (holding entry of business during ordinary nighttime operating hours when business was open to public was not consensual under burglary statute where entrant's purpose was to commit robbery), aff'd on reh'g en banc, 24 Va. App. 253, 481 S.E.2d 495 (1997).

We assume without deciding, for purposes of this appeal only, that proof appellant entered with "general" permission would have required an acquittal, as appellant argues. Nevertheless, the jury was instructed it could find appellant guilty only if his entry was *without permission*, and this instruction became the law of the case. Because the evidence, viewed in the light most favorable to the Commonwealth, supported the jury's finding that appellant's entry was without permission, we affirm appellant's conviction for statutory burglary without addressing the Commonwealth's argument that proof of permission negates only the element of breaking or that proof of general permission to enter does not constitute permission to enter for the purpose of committing a crime.

had previously been "welcome [at the Murphy residence] anytime," appellant "[u]sually . . . asked [Murphy] [whether he could] come in" before entering and waited until Murphy "waved him on in." On the night of March 7, 2003, appellant's wife arrived at the Murphys' residence before appellant. She roused Murphy from his sleep and told Murphy she needed his help because appellant was trying to kill her.

When appellant knocked a short time later, Murphy answered the door. Although Murphy held the door "open wide enough for an individual to get in," he testified that, because of what appellant's wife had told Murphy, he did not "wave[] [appellant] in" and "figured [he] and [appellant] would just talk." When appellant asked Murphy if his wife was there, Murphy responded, "Yeah, [appellant,] she is, but right now she doesn't want to talk to you." Appellant said, "[W]ell, I need to talk to her." Appellant then walked through the open door past Murphy so quickly that Murphy had no "time to react." Murphy testified that appellant's entering without his permission was "unusual," and when asked whether he "g[a]ve [appellant] permission to enter [his] doorway" that night, Murphy responded, "No, I never. . . . [He] just entered." This evidence was sufficient to support the jury's finding that appellant's entry was without permission.

That Murphy also testified he did not "have a problem" with appellant's entry "at that point" because "[he] was hoping they would kind of talk it out man and wife" does not compel a different result. This evidence, viewed in the light most favorable to the Commonwealth, does not contradict Murphy's testimony that appellant entered without permission. Further, even if we were to view this testimony as contradictory, the jury was entitled to credit Murphy's original testimony that appellant's entry was without permission and to disregard Murphy's contradictory statements. See Pugliese, 16 Va. App. at 92, 428 S.E.2d at 24; Swanson, 8 Va. App. at 378-79, 382 S.E.2d at 259.

- 3 -

Murphy's testimony on cross-examination that appellant "did not break and enter my house" also does not compel a different result. First, to the extent this testimony could be viewed as contradicting Murphy's earlier testimony that appellant entered without permission, the jury, as the finder of fact, was free to determine which of the two contradictory statements to credit. Second, proof of a *breaking* was not required under the portion of the statute appellant was convicted for violating. Murphy's testimony, viewed in the light most favorable to the Commonwealth, avers only his belief that appellant did not *both* "break and enter" and conveys nothing about whether Murphy believed appellant "enter[ed]" his home in contravention of Code § 18.2-90. Third, whether appellant "enter[ed]" Murphy's home in contravention of Code § 18.2-90 was a legal question to be resolved based on the instructions given by the court and the jury's related findings in light of the factual testimony. Although Murphy gave factual testimony relevant to this determination, his attempt to draw a legal conclusion was not binding on the court. See Elam v. Commonwealth, 229 Va. 113, 115-16, 326 S.E.2d 685, 686-87 (1985) (holding victim's factual testimony and medical evidence supported conviction for rape despite victim's conclusory statement that defendant "didn't rape me" because "the jury could rationally discount the [conflict] . . . as the product of lay ignorance of . . . legal principles").

For these reasons, we hold the evidence, viewed in the light most favorable to the Commonwealth, supported the jury's finding that appellant's entry was without permission. Thus, we affirm appellant's conviction for statutory burglary.

Affirmed.