UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, AtLee and Malveaux
Argued by videoconference


SHECORIA JANEE BILLUPS

MEMORANDUM OPINION* BY
v.       Record No. 1264-20-1       JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 5, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Taite A. Westendorf (Westendorf & Khalaf, PLLC, on briefs),
for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, the circuit court convicted appellant Shecoria Janee Billups of

misdemeanor driving while intoxicated ("DUI") and felony DUI maiming.  On appeal, Billups

argues that the evidence was insufficient to prove either charge because it failed to show that

Billups operated the vehicle.  For the following reasons, we affirm.

I.  BACKGROUND

"On appeal of criminal convictions, we view the facts in the light most favorable to the

Commonwealth, and [we] draw all reasonable inferences from those facts."  Payne v.

Commonwealth, 65 Va. App. 194, 198 (2015).

On January 2, 2019, between 11:00 p.m. and midnight, Billups and her co-worker,

Crystal White, were in a single-car accident on Hampton Roads Center Parkway in Newport

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

News.  Robert May, who was stopped at a red light, witnessed the vehicle "somersaulting" through the air.  May pulled over and called 911.  He helped Billups out of the driver's side of the vehicle.  They discovered White face down on the sidewalk twenty to thirty feet from the car.  May testified that the car was resting on its right side.

Law enforcement and emergency personnel arrived on the scene within five to ten minutes.  One of the first officers to arrive, Officer Matt Sayre of the Newport News Police Department, testified that he saw a "large debris field of just scattered items" stretching about forty yards, and a vehicle "overturned on the top of a fence."[1]  Sayre saw White on the ground "moaning and in pain," although not "very responsive," and he immediately went to assist her.  Later, Sayre took pictures of the accident, including images of the crashed vehicle's Alabama license plate and Billups's Alabama driver's license.

Officer Eric Carter of the Newport News Police Department testified that he arrived on the scene shortly after the first responders.  He spoke with Billups, whom he observed had glassy eyes, was heavily slurring her speech, and smelled strongly of alcohol.  He "inquired of Ms. Billups if she was the driver of the vehicle and she confirmed that she had been the driver of the vehicle."  Billups acknowledged that she had been drinking alcohol that evening.  Carter had Billups perform field sobriety tests and a preliminary breath test.  He placed Billups under arrest for DUI.  At booking, Billups submitted to an Intoxilyzer breath exam, which showed her blood alcohol level to be .15.  Throughout the investigation and arrest process, Billups was cooperative, repeatedly expressing concern for White.  Even as Billups heard the charges brought against her

_____

[1] The record is somewhat inconsistent as to whether the car was upright or on its side following the accident.  While Sayre testified that the vehicle was overturned, he also stated that a photo of the vehicle, depicted upright, was a "fair and accurate representation of how the car looked that evening when [he] arrived on the scene."  Furthermore, May testified that the vehicle was resting on its right side following the accident.  There is no explanation for these apparent inconsistencies; however, such an explanation is not necessary to resolve this case.

when taken before the magistrate, she whispered to herself that "it's still not as bad as having a broken neck."

During cross-examination, defense counsel asked a series of questions about Carter's statement on direct that Billups admitted that she was the driver. Counsel asked Carter why his notes did not expressly indicate that he asked this question directly to Billups or record her response. Carter could not provide an answer. He stated that he did not recall Billups's exact response to his question asking her whether she was the driver of the car, but stated, "I know it was indicated she was the driver of the vehicle." He agreed that it was "conceivable" that the other officers had indicated to Carter that Billups was the driver and that was why his direct question to Billups was not in his notes.[2]

White testified about her injuries, including a partially broken neck and injury to her leg. She explained that her injuries caused pain, cognitive issues, and difficulties with walking and lack of mobility. She also suffered memory problems since the accident and had no memory of the night of the crash.

---

[2] The exchange went as follows:

> [DEFENSE COUNSEL]: [The other officers on the scene] told you when you got there that she was the driver, didn't they, to give you a briefing so that you could conduct your evaluation? They told you as you walked up, ["]There is the driver,["] or something to that effect, so that you were caught up to speed on what they had already investigated; is that right?
>
> [CARTER]: That is correct.
>
> [DEFENSE COUNSEL]: And so for that reason you didn't need to ask the question whether she had driven the car, and that's why it's not in your notes, correct?
>
> [CARTER]: That would be correct.

Billups presented no evidence at trial and moved to strike the Commonwealth's evidence. She did not contest that she was intoxicated at the time of the crash, but instead argued that the evidence failed to establish that she was the driver. The defense argued that Billups's silence was improperly being used against her as an admission that she was the driver, in violation of her Fifth Amendment[3] rights. The circuit court reserved making a finding of guilt and ordered briefing on that issue. The circuit court ultimately agreed with defense counsel that Billups's failure to deny being the driver could not be used as evidence of guilt. Nevertheless, the circuit court ruled that there was sufficient circumstantial evidence to support a finding of guilt, and it convicted Billups of DUI and DUI maiming. Billups received a sentence of twelve months in jail, with eleven months and twenty-five days suspended, for the DUI and five years in prison, with four years and four months suspended, for the DUI maiming. This appeal followed.

## II. ANALYSIS

Billups argues that the evidence failed to establish that she was operating the vehicle at the time of the crash, because no witness directly observed her driving, and "Officer Carter acknowledged on cross-examination that he never asked Billups whether she was the driver." She asserts that the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that White was the driver.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" Smith v. Commonwealth, 296 Va. 450, 460 (2018) (alteration in original) (quoting Commonwealth v. Perkins, 295 Va. 323, 327 (2018)). "[I]t 'is axiomatic that any fact that can be

---

[3] The Fifth Amendment provides, in pertinent part, that no person "shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. It "is made applicable to the states through the Due Process Clause of the Fourteenth Amendment." Venable v. Commonwealth, 48 Va. App. 380, 385 n.2 (2006).

proved by direct evidence may be proved by circumstantial evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 6 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13 (2004)). "Settled principles provide that '[w]here the evidence is entirely circumstantial, . . . [t]he chain of necessary circumstances must be unbroken. The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain [that] links the defendant to the crime beyond a reasonable doubt.'" Rams v. Commonwealth, 70 Va. App. 12, 36 (2019) (alterations in original) (quoting Bishop v. Commonwealth, 227 Va. 164, 169 (1984)). "[W]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." Williams v. Commonwealth, 71 Va. App. 462, 484-85 (2020) (alterations in original) (quoting Commonwealth v. Moseley, 293 Va. 455, 463 (2017)). "[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Betancourt v. Commonwealth, 26 Va. App. 363, 373 (1998) (alteration in original) (quoting Stover v. Commonwealth, 222 Va. 618, 623 (1981)).

The reasonableness of a defendant's alternative hypothesis of innocence is determined by the factfinder. See Gerald v. Commonwealth, 295 Va. 469, 482 (2018) ("[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." (alteration in original) (quoting Moseley, 293 Va. at 464)). The "reasonable hypothesis" principle does not set out a different standard for assessing criminal agency, but rather it is "simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Moseley, 293 Va. at 464 (quoting Commonwealth v. Hudson, 265 Va. 505, 513 (2003)).

Here, Billups's hypothesis of innocence—that White was the driver—is not reasonable when viewing the evidence in its totality. May witnessed the accident as it occurred, and almost

- 5 -

immediately helped Billups exit from the driver's side of the car. Furthermore, Carter expressly testified on direct examination that he asked Billups if she was the driver of the vehicle, and she indicated that she was. While the compound structure of the questions on cross-examination possibly caused some confusion, Carter did not, as Billups claims, abandon this assertion. He instead agreed that, because other officers indicated to him that Billups was the driver, he did not "need" to ask her; accordingly, the fact that he also asked Billups directly to confirm an undisputed fact at the scene was not noteworthy. Even if this portion of Carter's testimony from direct examination had been impeached, "contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony. If the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the appellate court." Smith v. Commonwealth, 56 Va. App. 711, 718-19 (2010) (quoting Swanson v. Commonwealth, 8 Va. App. 376, 379 (1989)). Carter also testified, without objection from Billups, that other officers who had arrived at the scene before him informed him that Billups was the driver of the car. See generally Baughan v. Commonwealth, 206 Va. 28, 31 (1965) (holding in the context of a bench trial that when hearsay is "admitted without objection," it may "properly be considered" and "given its natural probative effect"). Further, the crashed vehicle's plates, as well as Billups's driver's license, were both issued in Alabama, an additional circumstance militating in favor of Billups having been the driver. Finally, Billups expressed concern and guilt over the injuries White sustained, mumbling "[I]t's still not as bad as having a broken neck" after the magistrate told her the charges she faced.

Based on Carter's testimony, the fact that May helped Billups exit the driver's side of the car, Billups's driver's license and the vehicle plates both being from Alabama, and Billups's behavior and statements, the circuit court reasonably concluded that Billups was the driver at the time of the accident. By comparison, there is no evidence in the record suggesting that White

was the driver. Accordingly, the factfinder did not err in rejecting Billups's alternative hypothesis as unreasonable and in finding the evidence sufficient to show that Billups was operating the car at the time of the crash.

### III. Conclusion

The evidence at trial was sufficient to prove that Billups was driving the vehicle the night of the accident. Therefore, the circuit court did not err in convicting her of DUI and DUI maiming.

<u>Affirmed.</u>