COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Alston
Argued by teleconference


HARRY WARREN BOOTH, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2613-07-3                      JUDGE ROBERT J. HUMPHREYS
                                                         APRIL 28, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Harry Warren Booth, Jr. ("Booth") appeals his conviction for the rape of a child less than

thirteen years of age, in violation of Code § 18.2-61.  On appeal, Booth argues that the trial court

erred in finding the evidence sufficient to support his conviction.  For the following reasons, we

disagree and affirm.

        When considering the sufficiency of the evidence presented at trial, we "presume the

judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly

wrong or without evidence to support it."  Davis v. Commonwealth, 39 Va. App. 96, 99, 570

S.E.2d 875, 876-77 (2002).  We do not "substitute our judgment for that of the trier of fact."

Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).  "Instead, the

relevant question is whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Booth contends that the evidence adduced at trial was insufficient to sustain his conviction for rape. Specifically, Booth contends that the testimony of the victim ("J.A.") was not sufficiently credible to be relied upon by the trial court, because it contained many inconsistencies as to both the date on which the alleged rape took place and the manner in which it occurred.[1] We disagree.

Code § 18.2-61(A) provides that "[i]f any person has sexual intercourse with a complaining witness . . . and such act is accomplished . . . (iii) with a child under age thirteen as the victim, he or she shall be guilty of rape." The Supreme Court of Virginia has held that "the victim's testimony alone, if not inherently incredible, is sufficient to support a conviction for rape," even if the testimony contains minor inconsistencies. Nobrega v. Commonwealth, 271 Va. 508, 519, 628 S.E.2d 922, 927 (2006).

At trial, J.A. testified that when she was ten years old, she would often stay at Booth's residence while her mother ("Arnold") was at work.[2] While there, J.A. would play with her eight-year-old cousin. Typically Booth and his wife, Carolyn, were both present to supervise the children. However, on this particular occasion, Carolyn was at work, leaving J.A. and her cousin solely in Booth's care. J.A. testified that while she and her cousin were playing a video game, Booth entered the room and asked if they wanted to wrestle. When her cousin left the room to

---

[1] Booth does not argue that J.A.'s testimony was *inherently* incredible. He merely argues that the trial court should not have believed the victim's testimony.

[2] J.A. was thirteen years old at the time of the trial. Booth was J.A.'s uncle by marriage.

resume playing the video game, Booth stuck his hand inside J.A.'s pants and began to rub her vagina. This continued until J.A. got up and left the room.

Later that afternoon, the children were frightened by a thunderstorm and decided to get into bed with Booth, who was watching television. J.A. testified that after her cousin fell asleep, Booth slid her over to his side of the bed and got on top of her. Booth then put his hands on her wrists, pulled her underpants to her ankles and "stuck his penis inside [her]" three times. J.A. further testified that Booth told her not to tell anyone. Booth stopped when J.A. said that she needed to use the bathroom. While in the bathroom, J.A. noticed "white stuff" and blood on both her body and the toilet.

While J.A.'s testimony at trial did differ slightly from what she told investigators, the discrepancies concerned only minor aspects of her testimony, such as what she wore at the time of the incident and whether or not she told Booth to stop. Nevertheless, Booth argues that these inconsistent statements "raise reasonable questions as to [J.A.'s] credibility." However, it is not for this Court to make such a determination. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

> When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree. So long as a witness deposes as to facts which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony. *If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court*.

Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989) (emphasis added).

The trial court specifically found J.A.'s testimony to be credible, stating: "it's a question of credibility and the Court finds without difficulty that the testimony of [J.A.] is credible . . . I think she's very credible . . . ." Furthermore, the trial court found that Arnold's testimony "corroborate[d] her testimony to some degree." Arnold testified that J.A. began to exhibit some strange behavior as a ten year old. According to Arnold, J.A. "wouldn't act like a regular child. She would stay in her room and . . . when my sister [Carolyn] came over she would start crying . . . ." Arnold also testified that J.A. "was taking two to three baths in the evening back to back." Simply put, the trial court found both J.A. and Arnold to be credible, and we will not disturb that finding on appeal.

Booth also argues that the trial court erred by considering a date outside of the range contained in the indictment. Booth contends that by doing so, the trial court infringed on his due process rights under the Fifth and Fourteenth Amendments. This argument has no merit.

The indictment alleged that the rape occurred between May 25, 2004 and September 1, 2004. Booth claims that both J.A. and Arnold testified that the offense occurred "prior to J.A.'s birthday on May 8, 2004." However, neither J.A. nor Arnold gave any such testimony. While J.A. initially testified that the rape occurred in the spring, she later clarified that it occurred after her tenth birthday on May 25, 2004, but before school went back into session that year. Arnold testified that J.A.'s birthday was May 25, 1994. However, at no point did Arnold testify as to the date on which the rape occurred.

Furthermore, Booth's own evidence supported J.A.'s testimony that the rape occurred within the indictment period. Booth introduced the daily weather records from May 25, 2004 to September 1, 2004 and the work schedules of both Booth and Carolyn in order to show that August 21, 2004 was the only date within the indictment period on which the rape could have occurred. However, Booth offered no evidence to suggest that the rape could *not* have occurred

on that date.  Taken in the light most favorable to the Commonwealth, the evidence placed the rape squarely within the indictment period.

In conclusion, from J.A.'s testimony, a fact finder could have reasonably concluded that Booth had sexual intercourse with a child under the age of thirteen, in violation of Code § 18.2-61.  Furthermore, viewed in the light most favorable to the Commonwealth, the testimony of J.A. and the documentary evidence introduced by Booth established that the offense occurred on a date within the time period set forth in the indictment.  Therefore, the evidence is sufficient to sustain Booth's conviction, and we affirm.

<u>Affirmed.</u>