COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


GLENN R. CARTWRIGHT

                                                           OPINION BY
v.        Record No. 3010-05-1            JUDGE JERE M. H. WILLIS, JR.
                                                           OCTOBER 24, 2006
KIMBERLY R. CARTWRIGHT


               FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            Randall D. Smith, Judge

               Steven F. Shames (Shames & Byrum, P.C., on briefs), for appellant.

               Samuel R. Brown, II (Kaufman & Canoles, P.C., on brief), for
               appellee.


        On appeal from an order dismissing his petitions to voluntarily relinquish his parental

rights to his two minor children and awarding attorney's fees to Kimberly R. Cartwright

(mother), Glenn R. Cartwright (father) presents four questions, but appears to contend only that

the trial court erred (1) in holding that Code §§ 16.1-277.02(C) and 16.1-278.3(D) do not permit

a non-custodial parent to petition for voluntary relinquishment and termination of parental rights,

and (2) in awarding mother attorney's fees.  Mother seeks an award of attorney's fees and costs

associated with this appeal.  We affirm the judgment of the trial court and award mother

attorney's fees and costs.

                                        Background

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to mother as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

Mother and father are the divorced natural parents of two minor children, of whom mother, by court order, has sole custody. Father, the non-custodial parent, petitioned the juvenile and domestic relations district court (juvenile court) seeking "to be permanently relieved of the care and custody of" the children and alleging that the termination of his parental rights was in the children's best interests. The juvenile court dismissed father's petitions. Father appealed that ruling to the trial court.

The trial court dismissed father's petitions, holding that "voluntary relinquishment of parental rights by a party is contemplated only under circumstances not relevant in this matter and therefore there is no statutory mechanism for the voluntary relinquishment or termination of parental rights as pled in this case." It awarded mother $2,732.50 in attorney's fees. Father appeals that ruling.

Analysis

I.

> Jurisdiction to terminate parental rights can be found neither in the common law nor in a court's inherent authority to proceed under its general equity powers. Willis v. Gamez, 20 Va. App. 75, 81-82, 455 S.E.2d 274, 277-78 (1995) ("'there was [no] legal authority under the common law . . . for a total relinquishment of parental rights and obligations or any inherent authority in any court to terminate them'") (quoting Carroll County Dept. of Social Servs. v. Edelmann, 320 Md. 150, 577 A.2d 14, 25 (1990)). Accordingly, jurisdiction of the circuit courts to terminate parental rights must be found, if at all, within the statutory scheme. Id. at 81-83, 455 S.E.2d at 277-78.

Church v. Church, 24 Va. App. 502, 505-06, 483 S.E.2d 498, 500 (1997) (footnote omitted).

Father argues that Code § 16.1-277.02 provides a mechanism whereby he, as a non-custodial parent, may voluntarily relinquish his residual parental rights. However, Code § 16.1-277.02, by its terms, concerns only "[r]equests for petitions for relief of the care and custody of a child . . . ." Father, as a non-custodial parent, is not invested with "care and

custody" of his children from which he can be relieved. Mother has sole custody of the children. "'Sole custody' means that [she alone] retains responsibility for the care and control of [the children] and has primary authority to make decisions concerning [them]." Code § 20-124.1.

Father argues that Code § 16.1-277.02 speaks also to "a limited or secondary form of custody of the child" created by visitation rights. The statute defines no such status. It is well settled that "when analyzing a statute, we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" City of Virginia Beach v. ESG Enterprises, Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (quoting Barr v. Town and Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).

"The main purpose of statutory construction is to determine the intention of the legislature 'which, absent constitutional infirmity, must always prevail.'" Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (quoting Board of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)). "When, as here, a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998). We may not, by interpretation or otherwise, "add to a statute language which the legislature has chosen not to include." County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1982).

Code § 16.1-278.3, which defines the procedures for granting custody to the Department of Social Services pursuant to a petition for relief of care and custody of a child, addresses situations where "the parent or other custodian seeks to be relieved permanently of the care and custody of any child." Again, because father is not the children's custodial parent, he provides

no actual care and custody from which he can be relieved. Thus, Code § 16.1-278.3 provides him no basis for seeking termination of his parental rights and obligations.

Code § 16.1-278.3(D) provides that upon granting the petition of a "parent or other custodian" for relief, etc., "[i]f the remaining parent has not petitioned for permanent relief . . .," the residual rights of that parent may be terminated pursuant to Code § 16.1-283. Father argues that this provision contemplates and acknowledges the right of a non-custodial parent to petition for relief. Father misconstrues the meaning of the term "remaining parent."

Code § 16.1-278.3 provides procedures to be followed successive to proceedings under Code § 16.1-277.02. Its purpose is not to provide an avenue for relief from parental obligation, but rather to ensure that a child is not left without proper care and support. The petition to which it refers is a petition authorized by Code § 16.1-277.02. This is made clear in subsection (D) by reference to a request for relief by "a parent or *other custodian*." (Emphasis added). Thus, the reference to a "remaining custodial parent [who] has not petitioned" is to a parent who could have petitioned under Code § 16.1-277.02 for relief from care and custody that he/she is providing. Father is not such a party. Furthermore, Code § 16.1-278.3(D) authorizes consideration of the status and rights of a remaining parent only following the granting of a petition properly filed under Code § 16.1-277.02. No such petition has been filed or granted in this case.

> The preservation of the family, and in particular the parent-child relationship, is an important goal for not only the parents but also government itself. . . . Statutes terminating the legal relationship between parent and child should be interpreted consistently with the governmental objective of preserving, when possible, the parent-child relationship.

Weaver v. Roanoke Dep't of Human Res., 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980).

It is well established that "[b]oth parents owe a duty of support to their minor children." Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994) (citing Code § 20-61; Featherstone v.

- 4 -

Brooks, 220 Va. 443, 448, 258 S.E.2d 513, 516 (1979)). See also Hur v. Dep't of Social Servs., Div. of Child Support Enforcement ex rel. Klopp, 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991) ("Child support has long been recognized as an obligation owed to the infant child, not the payee parent. This duty arises from principles of natural law." (citation omitted)). Interpreting the statutes in the manner father proposes would undermine these important objectives.

The 1984 Attorney General's Opinion cited by father does not support his interpretation of the statutes. The opinion does not address a non-custodial parent's voluntary relinquishment of his parental rights and duties. See 1984-1985 Op. Va. Att'y Gen. 155 (Sept. 25, 1984).

As we find no support for father's contentions, we affirm the trial court's dismissal of his petitions.

## II.

In pertinent part, Code § 16.1-296(I) provides that "[i]n all cases on appeal, the circuit court in the disposition of such cases shall have all the powers and authority granted by the chapter to the juvenile and domestic relations district court."

Code § 16.1-278.19 provides as follows:

> In any matter properly before the court, the court may award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties.

Thus, the trial court was authorized to award costs and attorney's fees in this case. We find no error in its award to mother.

Mother also seeks costs and attorney's fees associated with this appeal. We find such an award appropriate under Code § 16.1-278.19. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to mother and remand this case to

the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any fees and costs incurred at the hearing on remand.

Affirmed and remanded.