PRESENT: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

TYRONE ANTWAN HERNDON
                                        OPINION BY
v.    Record No. 091265      JUSTICE LEROY F. MILLETTE, JR.
                                      June 10, 2010
COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we consider whether the circuit court abused its discretion in admitting into evidence a forensic laboratory's certificate of analysis when there was a discrepancy between an officer's description of an item submitted to the laboratory for analysis and the laboratory's description of the item.

                         BACKGROUND

     Tyrone Antwan Herndon was arrested in the City of Martinsville for tampering with a motor vehicle.  Upon Herndon's arrest, Officer Rob Coleman of the City of Martinsville Police Department recovered from Herndon a "clear plastic baggie which contained several off-white rock-like substances."

     Officer Coleman collected the baggie and returned to the police station where he sealed the baggie, and then sent it by certified mail to the Department of Forensic Science (the laboratory) for analysis.  The laboratory conducted an analysis and determined that the substance was cocaine.

At Herndon's bench trial for possession of cocaine, Officer Coleman testified during cross-examination that the baggie he sent to the laboratory contained six off-white rocks. The request for examination form that Officer Coleman sent to the laboratory also described the baggie as containing six off-white rocks. However, the certificate of analysis returned from the laboratory described the item as: "One (1) small ziplock plastic bag which contained off-white substance and four (4) knotted plastic bag corners each of which contained off-white substance."

During re-direct, the following exchange took place:

[Commonwealth:] Did you package each of those items the way they appear today?

[Officer Coleman:] No ma'am, I did not.

[Commonwealth:] Could you explain how they were when you sent them to the lab?

[Officer Coleman:] Yes ma'am. They were in one baggie, appeared to have plastic wrapped around them and tied. They were not packaged as you see them today. They were in larger forms. There [were] also the knotted bags that are still available.

[Commonwealth:] So[me] of the items are in knotted bags and some of it is loose in the smaller bags that the lab provided, is that correct?

[Officer Coleman:] Yes ma'am, that's correct.

Herndon argued that the certificate of analysis should not be admitted into evidence because the evidence described in the certificate of analysis is not the same as what Officer Coleman testified that he packaged and sent to the laboratory. The circuit court found that the Commonwealth had established a sufficient chain of custody, and admitted the certificate of analysis into evidence over Herndon's objection.

The circuit court found Herndon guilty of possession of cocaine. In its ruling from the bench, the circuit court stated:

> It is argued that there is a variance between what the officer described as having been seized and what is now returned from the lab. However, it's the court's view that the certificate of analysis here may not be as descriptive in terms of numbering or providing a gross number of the rocks involved as Officer Coleman's testimony, but it's not at variance because the officer never said that it was one rock per baggie corner.

Herndon appealed his conviction to the Court of Appeals, which affirmed his conviction in an unpublished opinion. Herndon v. Commonwealth, Record No. 1393-08-3 (May 26, 2009). We awarded Herndon this appeal.

## DISCUSSION

Herndon argues that the circuit court abused its discretion by admitting the certificate of analysis into evidence because the Commonwealth failed to establish a chain of custody that excluded alteration or substitution when the

3

description on the request form prepared by Officer Coleman differed from the description on the certificate of analysis prepared by the laboratory. According to Herndon, because pieces of cocaine do not contain unique identifiers, the only way their identity can be established with reasonable certainty is by the number of pieces and the way the pieces are packaged, and that Officer Coleman's testimony does not reconcile or explain the discrepancies in description.

Herndon argues that the fact that the names, dates, and numbers on the packaging match, only proves that the evidence bag sent by Officer Coleman was the same evidence bag received by the laboratory, not that the contents of the bag and the individual pieces of alleged cocaine were the same. Herndon contends that since the Commonwealth apparently concedes that the laboratory re-packaged at least some of the "rocks" that the laboratory sent back, the Commonwealth has failed to establish whether the laboratory analyzed and re-packaged the "rocks" seized from Herndon, or if it analyzed and re-packaged some sample other than what was recovered from Herndon.

In response, the Commonwealth argues that the circuit court did not abuse its discretion in admitting into evidence the certificate of analysis because the Commonwealth established the chain of custody from the time of the discovery of the evidence until its presentation in court.

4

The Commonwealth asserts that the evidence Officer Coleman collected from Herndon was the same evidence that the laboratory received and analyzed, because the evidence bag Officer Coleman received back from the laboratory showed no indication of tampering, and the seals on the evidence bag were intact.

The Commonwealth asserts that Herndon failed to rebut the presumption of regularity that applies in this case once the laboratory received the evidence. The Commonwealth maintains that the difference in the descriptions was not significant enough to demonstrate that the substance analyzed was different from the substance submitted. The Commonwealth contends that despite the discrepancies in description, the evidence presented at trial established with reasonable certainty that the evidence collected by Officer Coleman was the same evidence analyzed by the laboratory.

We review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb a circuit court's decision to admit evidence absent a finding of abuse of that discretion. Avent v. Commonwealth, 279 Va. 175, 197, 688 S.E.2d 244, 256 (2010). When the Commonwealth seeks to introduce evidence regarding the chemical properties of an item, the burden is upon the Commonwealth to show with reasonable certainty that there has

5

been no alteration or substitution of the item.  Robinson v. Commonwealth, 212 Va. 136, 138, 183 S.E.2d 179, 180 (1971). However, this burden is not absolute and the Commonwealth is not required "to exclude every conceivable possibility of substitution, alteration, or tampering."  Pope v. Commonwealth, 234 Va. 114, 121, 360 S.E.2d 352, 357 (1987). When evidence involves chemical analysis, as with narcotics, the burden is upon the Commonwealth to establish each vital link in the chain of custody by showing the possession and handling of the evidence from when it is obtained to its presentation at trial.  Robinson, 212 Va. at 138, 183 S.E.2d at 180.

During his testimony, Officer Coleman examined the evidence bag that he put the plastic baggie in when he arrested Herndon.  As he displayed the evidence to the court, Officer Coleman testified that the evidence bag had on it his signature, the date the evidence was recovered, and the case number.  He also stated that the seals on the evidence bag were intact.  Thus, Officer Coleman's testimony establishes that from the time the evidence was obtained from Herndon until its receipt by the laboratory, the evidence bag that contained the plastic baggie was not tampered with or altered.

When the Commonwealth introduces a certificate of analysis as evidence of the chain of custody of the material

described in the certificate, the certificate of analysis serves as prima facie evidence of the chain of custody of the material tested during the time the evidence is in the custody of the laboratory. Code § 19.2-187.01. Code § 19.2-187.01 provides, in pertinent part:

> A report of analysis duly attested by the person performing such analysis or examination in any laboratory operated by . . . the Department of Forensic Science . . . shall be prima facie evidence in a criminal or civil proceeding as to the custody of the material described therein from the time such material is received by an authorized agent of such laboratory until such material is released subsequent to such analysis or examination.

Although Officer Coleman's description of the item and the laboratory's description of the item do not correspond exactly, the circuit court found that they were not contradictory. Officer Coleman's description of the item focused on the number of pieces of cocaine contained in the plastic baggie while the laboratory's description focused on the packaging of the cocaine that was inside the plastic baggie. The circuit court determined that these descriptions are not contradictory because the laboratory's description does not state the number of pieces of cocaine that were in the individual baggie corners or in the plastic baggie that contained the baggie corners.

Although Officer Coleman did not mention the baggie corners in his written description of the item in the request

7

for examination, he referred to the "knotted bags" as still available when he described the packaging as being different. Thus, according to Officer Coleman, the baggie he sent to the laboratory for analysis contained baggie corners.

The circuit court had the opportunity to examine the witnesses' demeanor during their testimony, and all the evidence, including the packaging, and the baggie that contained the cocaine and baggie corners.* After observing Officer Coleman's testimony and examining the evidence, the circuit court made a finding of fact that there is was no variance in the descriptions of the item by Officer Coleman and the laboratory "because the officer never said that it was one rock per baggy corner." "On review, we will not disturb the factual findings of the trial court unless plainly wrong or unsupported by the evidence." Robinson v. Commonwealth, 273 Va. 26, 39, 639 S.E.2d 217, 224-25 (2007).

The circuit court did not abuse its discretion in admitting the certificate of analysis into evidence when the court, which observed the evidence, made a factual finding that the discrepancies between the descriptions on the request for examination form and certificate of analysis were not contradictory, and the Commonwealth presented sufficient

8

evidence to establish with reasonable certainty that there had been no alteration or substitution of the evidence.

CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.

---

\* The Commonwealth did not introduce the baggie containing the cocaine into evidence.  Thus, we are unable to examine the baggie and its contents because it is not part of the record.

9