COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Alston and Huff
Argued at Chesapeake, Virginia


WASHINGTON I. JAMES, III

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1830-12-1                      JUDGE GLEN A. HUFF
                                                    JULY 16, 2013
SHARON D. OWENS


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            David F. Pugh, Judge

            Douglas J. Walter (Lisa A. Mallory; Moschel, Clancy & Walter,
            P.L.L.C., on briefs), for appellant.

            Brandy M. Poss (Lawrence D. Diehl; Barnes & Diehl, P.C., on
            brief), for appellee.


        Washington I. James, III ("father") appeals an order of the Circuit Court of the City of

Newport News ("circuit court") awarding child support, child support arrearages, attorney's fees,

and expert witness fees to Sharon D. Owens ("mother").  On appeal, father contends that the

circuit court erred in 1) determining father's income for child support purposes; 2) ruling that

Randall Nations ("Nations") did not qualify as an expert in subchapter S corporation tax

preparation; 3) excluding father's 2009 and 2010 amended corporate tax returns from evidence;

4) excluding father's 2009 and 2010 amended individual tax returns from evidence; 5) excluding

Dian Calderone's ("Calderone") testimony; 6) ordering father to pay $13,930.60 of mother's

attorney's fees and $15,000 of mother's expert fees; and 7) denying father's motion for

reconsideration of its ruling excluding Calderone's testimony.  Both parties request attorneys'

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fees and costs on appeal. For the following reasons, this Court affirms the judgment of the circuit court.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted). So viewed, the evidence is as follows.

Mother and father had a child born in February of 2009, but the two never married. On June 9, 2010, mother appealed to the circuit court from a judgment of the Newport News Juvenile and Domestic Relations District Court denying her petition for child support. On October 31, 2011, the trial began in the circuit court. Father's evidence showed that he was self-employed and owned a small trucking business that hauled freight for hire from different vendors. The business was classified for tax purposes as a subchapter S corporation.[1]

Each party offered witnesses for the purpose of calculating father's income and expenses. Mother presented the expert testimony of Robert Carmines ("Carmines"), who had been a C.P.A. for approximately thirty-one years and had dealt extensively with subchapter S corporation tax preparation. Carmines estimated that he prepared taxes for about five hundred subchapter S corporations each year. In determining father's income and expenses, Carmines reviewed father's business records, business and individual tax returns from 2009 and 2010, and various source documents such as checks, bank statements, and credit card statements. With regard to the business, Carmines also analyzed trip tickets from the drivers that were employed by father.

---

[1] A subchapter S corporation is defined as "[a] corporation whose income is taxed through its shareholders rather than through the corporation itself." Black's Law Dictionary 394 (9th ed. 2009).

He also spoke with father and other people who had prepared father's tax returns and were involved in the bookkeeping for father's business.

Carmines discovered significant problems in reviewing father's business records. He found that many personal expenses were paid through the business, which then resulted in the personal expenses being deducted even though they did not constitute reasonable business expenses. For example, he found evidence of household utility bills, vacations, food, Christmas gifts, clothing, and a home entertainment center being paid for by the business. Carmines opined that father had over-reported (or double-deducted) $49,183.15 in fuel expenses, claimed a deduction of $18,864.29 for insurance premiums that were reimbursed by father's drivers, failed to report $46,917.50 in income from either selling or renting two trucks to drivers as well as $18,000 in escrow to pay for truck repairs, deducted $6,500.44 in non-deductible health and disability insurance, paid personal expenses in the amount of $91,806.99, and deducted $5,777 for depreciation of assets which were not used in the business.

Carmines stated that he had reviewed the amended tax returns that had been prepared by Nations for 2009 and 2010, but that the amended returns had not been factored into his calculation of father's income. Carmines stated that "it made no sense to backtrack and start to try to track a whole []other set of numbers when those numbers appeared to have the exact same flaws in them as the other returns."

Father offered Nations as an expert in the preparation of subchapter S corporation tax returns. Nations worked for Liberty Tax Service and had a bachelor's degree in accounting, but was not a C.P.A. Nations had prepared father's amended corporate and individual tax returns for 2009 and 2010. Although Nations had been preparing tax returns for approximately thirty years, the majority of those returns were individual returns. Less than three percent of the returns Nations had prepared since 2009 were for subchapter S corporations. In 2010, Nations prepared

a total of only five or six subchapter S returns. The circuit court refused to accept Nations as a "qualified expert in preparation of subchapter S corporations tax returns," citing the fact that Nations had prepared "maybe a dozen" subchapter S returns in 2009 – "none of which matche[d] up to the volume or the amounts of money and income or expenses" pertaining to father's business [which had a "gross income of $800,000 plus]."

Father's counsel, responding, stated he was "simply going to ask [Nations] to identify these tax returns and ask [Nations] if he prepared them and move for their introduction." The circuit court limited the testimony by stating that Nations was not allowed to testify as to his preparation of the corporate returns, but that Nations could testify as a factual witness. Father's counsel responded, "[t]hat's fine." Father's counsel then sought to introduce the amended corporate returns into evidence, which the circuit court refused. Father's counsel asked if he could introduce the amended individual returns into evidence, to which the circuit court stated, "[i]f in fact you want to qualify [Nations] for individual tax purposes and if he has the experience for that[,] I will listen." Mother's counsel countered that Nations "got the income for the individual returns based on the company's records," and the circuit court responded that it "would have to discount that." The circuit court stated that Nations could testify to "what figures he may have received. But what he may have done with the figures and how he computed it and what he put down on the tax return, no, because he would be acting as an expert."

Thereafter, father's counsel did not seek to qualify Nations as an expert in the preparation of individual returns. After finishing the direct examination, father's counsel sought to introduce all of the amended returns, which the circuit court denied on the basis that it had already found the amended corporate returns incredible, and the information contained therein flowed to the amended personal returns, thus tainting the amended personal returns. After noting his exception for the record, father's counsel then clarified, "I'm not offering [Nations] as an expert. I'm

offering him as a factual witness to identify a product that he produced and has accurately identified."

The trial was interrupted with a lengthy continuance. During the interim, father had Calderone, a C.P.A., prepare his 2011 corporate and individual tax returns. In response to an expert witness interrogatory, father stated:

> I may call Dian T. Calderone as an expert witness. Her address is 11848 Rock Landing Drive, Suite 101, Newport News, Virginia. I expect that Ms. Calderone will testify as to the 2011 tax returns she prepared and the loss suffered by my company. I believe I contacted Ms. Calderone in February or early March 2012; I cannot recall the exact date.

When the trial resumed, father sought to introduce Calderone as an expert witness with regard to father's business losses. Mother objected on the grounds that father's expert designation was inadequate, and the circuit court agreed, stating that the expert designation was both untimely and insufficient in its statement of the grounds of Calderone's opinion.

At the conclusion of the trial, the circuit court determined father's income to be $17,375 per month and mother's income to be $4,321 per month. The circuit court also found that father's gross income for the calendar year 2010 was $208,497 and, accordingly, ordered him to pay monthly child support in the amount of $1,660.

On August 23, 2012, father filed a motion for reconsideration on the ground that the circuit court erred in precluding Calderone from testifying at trial. In his motion, father argued that he had properly designated Calderone as a witness prior to trial and had forwarded a copy of the 2011 tax returns and amended tax returns to mother. Both parties also filed motions for awards of attorneys' fees and costs. The circuit court addressed these issues in a hearing on August 29, 2012. In the hearing, the circuit court denied the motion for reconsideration, reiterating its reasons for excluding Calderone, stating that "[t]he information was not timely

- 5 -

given to counsel for the [mother] in this case. . . . I just felt that at that time it did not comply and it was not timely . . . ."

Following the hearing, the circuit court entered two orders on August 29, 2012. The first order memorialized the circuit court's rulings from the May 8, 2012 hearing and included various details with regard to the payment of child support. The second order stated that father must pay $13,930.60 of mother's attorney's fees and $15,000 of mother's expert fees. On September 12, 2012, the circuit court entered an order stating that it had denied father's motion for reconsideration, granted mother's motion for entry of the order from the May 8, 2012 hearing and overruled father's objection, granted mother's motion for an award of attorney's fees and expert fees, denied father's motion for an award of fees, and amended the child support arrearages. The September order remanded all further matters to the juvenile and domestic relations district court. This appeal followed.

## II. ANALYSIS[2]

On appeal, father contends that the circuit court erred in 1) determining father's income for child support purposes; 2) ruling that Nations did not qualify as an expert in the preparation of subchapter S corporation tax returns; 3) excluding father's 2009 and 2010 amended corporate tax returns from evidence; 4) excluding father's 2009 and 2010 amended individual tax returns from evidence; 5) excluding Calderone's testimony; 6) ordering father to pay $13,930.60 of

---

[2] Mother urges dismissal of father's appeal, asserting that father incorrectly appealed from the September 12, 2012 order when in fact the August 29, 2012 orders constituted the final orders from the circuit court. See Blevins v. Prince William Cnty. Dep't of Soc. Servs., 61 Va. App. 94, 98, 733 S.E.2d 674, 676 (2012) ("A final order, for purposes of appellate review, 'is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" (quoting James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002))). Despite mother's assertion that the August orders disposed of the entire matter, we find that the circuit court treated the September order as the comprehensive statement of the court's rulings ending all issues, thereby finding the September order to be the final order. We find no reason to disturb that finding on appeal.

mother's attorney's fees and $15,000 of mother's expert fees; and 7) denying father's motion for reconsideration of its ruling excluding Calderone's testimony. Both parties request attorneys' fees and costs incurred in this appeal.

## A. Calculation of Income

Father first contends that the circuit court erred in determining his income for child support purposes, specifically citing the circuit court's acceptance in full of mother's expert testimony with regard to calculating the income. "[D]ecisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993) (citing Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986)).

Moreover, "'[i]t is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.'" Wright v. Wright, 61 Va. App. 432, 450, 737 S.E.2d 519, 527 (2013) (alteration in original) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc)). Under this principle, the circuit court is entitled to weigh all of the experts' testimony and determine which to accept or reject. Frazer v. Frazer, 23 Va. App. 358, 366, 477 S.E.2d 290, 293 (1996).

In the present case, the circuit court accepted Carmines's calculation of father's income and expenses after considering all of the testimony that was presented, as well as the basis for each expert's calculation. Carmines's calculation was derived from a series of conclusions he reached, such as that father was paying a significant amount of personal expenses through his business, over-reporting fuel expenses, under-reporting income from selling or renting trucks, and deducting expenses that were non-deductible. Carmines also concluded that father had

withheld reporting certain income, such as insurance reimbursements from drivers and lease or installment payments for trucks that father owned.

In reaching his conclusions, Carmines reviewed not only father's tax returns but also father's bank statements, credit card statements, and trip tickets from drivers for his business. The circuit court was not plainly wrong in adopting Carmines's testimony, having ultimately determined that Carmines's calculation of father's income was the most thorough and accurate. Thus, we hold that the circuit court's calculation of income was not an abuse of its discretion.

B. Exclusion of Nations as an Expert in Subchapter S Corporation Tax Preparation

Father also contends that the circuit court erred in ruling that Nations did not qualify as an expert in subchapter S corporation tax preparation.

Following the circuit court's refusal to qualify Nations as an expert in the preparation of subchapter S corporation tax returns, father's counsel proceeded to elicit factual testimony from Nations with regard to the amended tax returns that Nations prepared using records given to him. Father's counsel then sought to admit the amended returns into evidence, which the circuit court denied on the ground that Nations was not a qualified expert. Father's counsel noted an objection, then stated to the circuit court, "I'm not offering [Nations] as an expert. I'm offering him as a factual witness to identify a product that he produced and has accurately identified."

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because father asserted that he was not offering Nations as an expert witness, he has thus waived his argument that the circuit court erred in refusing to qualify Nations as an expert in subchapter S corporation tax preparation. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

C.  Admissibility of Amended Corporate Tax Returns

Father next argues that the circuit court erred in excluding the amended corporate tax returns from evidence.  "'We review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb a circuit court's decision . . . absent a finding of abuse of that discretion.'"  Landeck v. Commonwealth, 59 Va. App. 744, 751, 722 S.E.2d 643, 647 (2012) (quoting Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620 (2010)).  "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'"  Id. (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)).

"Evidence is generally admissible if it is both relevant and material."  Mueller v. Commonwealth, 15 Va. App. 649, 655, 426 S.E.2d 339, 343 (1993) (citing Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987)).  "'Evidence is material if it relates to a matter properly at issue,' and 'evidence is relevant if it tends to establish the proposition for which it is offered.'"  Miller v. Commonwealth, 15 Va. App. 301, 305, 422 S.E.2d 795, 797 (1992) (quoting Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441).

Assuming without deciding that the circuit court erred in excluding the amended returns, such error was harmless.  "In Virginia, non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Andrews v. Creacey, 56 Va. App. 606, 625, 696 S.E.2d 218, 227 (2010) (alteration in original) (quoting Code § 8.01-678).  "'If, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, [then] . . . the judgment should stand . . . .'"  Id. (first and second alterations in original) (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001)).

The circuit court based its decision to exclude the amended corporate tax returns on its prior ruling that Nations, who had created the amended returns, was not qualified as an expert in subchapter S corporation tax preparation. The amended returns merely reiterated the work product of Nations that the circuit court had already deemed incredible, and thus, any error in excluding the amended returns "'did not influence the [fact finder].'" Id. (alteration in original) (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731). Accordingly, we hold that the error in excluding the amended corporate returns, if any, was harmless.

D. Admissibility of Amended Individual Tax Returns

Father next argues that the circuit court erred in excluding the 2009 and 2010 amended individual tax returns from evidence. As noted above, "'[w]e review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb a circuit court's decision . . . absent a finding of abuse of that discretion.'" Landeck, 59 Va. App. at 751, 722 S.E.2d at 647 (quoting Herndon, 280 Va. at 143, 694 S.E.2d at 620). We note also that "[e]vidence is generally admissible if it is both relevant and material." Mueller, 15 Va. App. at 655, 426 S.E.2d at 343 (citing Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441).

Assuming without deciding that the circuit court erred in excluding the amended individual returns, such error was harmless. As noted above, "non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Andrews, 56 Va. App. at 625, 696 S.E.2d at 227 (alteration in original) (quoting Code § 8.01-678). We previously indicated that mother's expert reviewed the amended returns and chose not to rely on them, and the circuit court adopted the testimony of mother's expert pertaining to father's income. Moreover, the circuit court, in deciding to exclude the amended individual returns, noted that the information contained in the corporate returns flowed to the personal returns. As it

- 10 -

had already found the amended corporate returns were incredible, the circuit court concluded that the amended individual returns likewise would have no bearing on its calculation of income. Thus, we hold that the error in excluding the amended individual returns, if any, was harmless.

### E. Exclusion of Calderone's Testimony

Father also argues that the circuit court erred in excluding Calderone's testimony on the basis that father's expert witness designation was insufficient and untimely.

Assuming without deciding that the circuit court erred in excluding Calderone's testimony, father failed to proffer the expected testimony of Calderone. "When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error – much less reversible error – without 'a proper showing of what that testimony would have been.'" Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999)). Thus, if "testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977) (citing Jackson's Case, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900)).

After the circuit court ruled that father's expert designation was inadequate, father noted his exception to the ruling. Father, however, failed to proffer what Calderone's testimony would have been in order for this Court to review whether its exclusion was prejudicial. Thus, this Court cannot address the merits of father's argument on appeal as it has no basis for adjudication.

### F. Award of Mother's Fees

Father next argues that the circuit court erred in ordering him to pay $13,930.60 of mother's attorney's fees and $15,000 of mother's expert fees. "Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only

for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Code § 16.1-278.19, which governs juvenile and domestic relations district courts, provides that a "court may award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties." Moreover, Code § 16.1-296(I) provides that "[i]n all cases on appeal, the circuit court in the disposition of such cases shall have all the powers and authority granted by the chapter to the juvenile and domestic relations district court." Thus, the circuit court was entitled to make an award of attorney fees and expert fees. See Cartwright v. Cartwright, 49 Va. App. 25, 30-31, 635 S.E.2d 691, 694 (2006) (applying the two statutes).

The circuit court, in considering the relative financial ability of the parties, properly determined that father had a greater ability to pay fees than mother. As discussed above, the circuit court made a factual finding that father's annual income was $208,497, whereas mother's annual income was significantly less. It also noted that the case had been "long and somewhat intricate," requiring "detailed testimony." The circuit court further stated that father's "record keeping abilities were less than desirable," which caused mother's expert to have to "reconstruct the foundation of all of those invoices . . . [and] payments." For these reasons, we hold that the circuit court did not abuse its discretion in ordering father to pay mother's fees.

### G. Motion for Reconsideration

Father next argues that the circuit court erred in denying his motion for reconsideration of its ruling excluding Calderone's testimony. In his opening brief, however, father incorporates

the law and argument from his fifth assignment of error and alleges no new argument in support of his contention. Thus, as noted above, this Court has no basis to review the merits of the issue because no proffer was made.

## H. Attorneys' Fees and Costs on Appeal

Both parties request attorneys' fees and costs in connection with the appeal, citing financial hardship. Mother also asserts that father set forth arguments on appeal that were neither preserved in the circuit court nor supported by legal authority.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

After considering the record, this Court determines that "'the litigation addressed appropriate and substantial issues and that neither party generated unnecessary delay or expense in pursuit of its interests.'" Zedan v. Westheim, 60 Va. App. 556, 583, 729 S.E.2d 785, 798-99 (2012) (quoting Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004)). Therefore, we deny both parties' requests for fees and costs incurred in this appeal.

## III. CONCLUSION

For the foregoing reasons, we hold that Rule 5A:18 bars our consideration of whether the circuit court erred in ruling that Nations did not qualify as an expert in subchapter S corporation tax preparation. We also hold, in light of father's failure to proffer the expected testimony of Calderone, that we cannot address the merits of whether the circuit court erred in excluding Calderone's testimony or in denying the motion for reconsideration. We further hold that the circuit court did not abuse its discretion in determining father's income, excluding father's amended returns from evidence, or ordering father to pay mother's attorney's fees and expert

- 13 -

fees.  Accordingly, the judgment of the circuit court is affirmed, and we decline to award either party its attorney's fees and costs on appeal.

<u>Affirmed.</u>