COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Causey and Chaney

HEATH NICHOLAS MOISON

MEMORANDUM OPINION*
v.      Record No. 0631-24-1                                    PER CURIAM
                                                                         SEPTEMBER 9, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph C. Lindsey, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Heath Nicholas Moison of aggravated sexual

battery and taking indecent liberties with a child in a custodial relationship. On appeal, he contends

that the evidence is insufficient to support his convictions and that the trial court abused its

discretion by admitting evidence of his prior convictions. We disagree and affirm the trial court's

judgment.[1]

BACKGROUND[2]

When G.S. was six or seven years old, she first met Moison, a friend of her parents who

lived across the street. Moison spent time with G.S.'s family and often babysat G.S. and her

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

[2] "On appeal, we review the evidence in the 'light most favorable' to the
Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting

younger brother. When G.S. was around nine or ten years old, Moison began commenting about her body and had her sit on his lap. G.S. recalled that Moison often had an erection while she sat on his lap, and he touched her breasts and buttocks. This behavior continued for several years.

Beginning when G.S. was 13 years old, Moison digitally penetrated her vagina. Moison was babysitting the children, sent G.S.'s brother upstairs, and then laid G.S. face down on the couch. He rubbed G.S.'s body, reached beneath her shorts, and inserted his fingers into her vagina. On another occasion, G.S. went to Moison's house to play with his daughters. Moison put a blanket over himself and G.S. and again put his hand down her shorts. The abuse continued, but G.S. did not report it because she "was petrified at the time."

G.S. first reported the abuse to a friend when she was in seventh grade. Later, in 2019 or 2020, she told her father about the incidents. G.S. then reported the incidents to the police.

In 2019, G.S. told Nikita Colvard, the mother of two of Moison's daughters, that Moison had not touched her. Colvard saw Moison with G.S. numerous times when G.S. was young. She noticed that Moison was "very touchy" with G.S. and had her sit on his lap. Colvard's mother also noticed the activity, told Moison that it was inappropriate, and that G.S. "looked like his girlfriend instead of someone that [he] was babysitting." Colvard remembered G.S. stating that Moison had not touched her, but G.S. testified that she lied to Colvard because she did not want to go to court and wanted to keep it all in the past. G.S.'s mother also often saw G.S. sitting in Moison's lap.

Before trial, the Commonwealth filed a notice of intent to submit Moison's prior convictions for sexual assault of minors. Moison objected. At a hearing on the motion, the Commonwealth proffered that the prior convictions involved Moison's two daughters who were minors. Those

---

*Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

victims were close in age to G.S., and the events involved similar circumstances. Moison acknowledged that the previous offenses involved him touching and fondling his daughters, at times beneath their clothing. The trial court overruled Moison's objection and allowed the Commonwealth to introduce the evidence, finding that the probative value outweighed any prejudice. The trial court found that the prior convictions were not remote in time and had "similar circumstances" as the charges in this case. The prior conviction orders entered by the Commonwealth reflected that Moison had been convicted of three counts of aggravated sexual battery by a parent with a child between 13 and 17 years old.

The jury found Moison guilty of aggravated sexual battery and taking indecent liberties with a child in a custodial relationship. Moison appeals.

ANALYSIS

I.

Moison contends that the trial court erred in allowing the Commonwealth to introduce his prior convictions. He maintains that the undue prejudice of the convictions outweighed their purported probative value.

The way "a trial is 'conduct[ed] . . . is committed to the trial judge's discretion.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 270 (2019) (alterations in original) (quoting *Breeden v. Commonwealth*, 43 Va. App. 169, 184-85 (2004)). "A '[trial] court's decision to admit or exclude evidence' is also reviewed 'under an abuse of discretion standard.'" *Id.* (quoting *Herndon v. Commonwealth*, 280 Va. 138, 143 (2010)). "In evaluating whether a trial court abused its discretion . . . , 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports [that] action.'" *Id.* (alterations in original) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "Only when reasonable jurists

could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

Under Virginia Rule of Evidence 2:413(a), "[i]n a criminal case in which the defendant is accused of a felony sexual offense involving a child victim, evidence of the defendant's conviction of another sexual offense or offenses is admissible and may be considered for its bearing on any matter to which it is relevant." But "[e]vidence offered in a criminal case pursuant to the provisions of this Rule is subject to exclusion in accordance with the Virginia Rules of Evidence, including but not limited to Rule 2:403." Va. R. Evid. 2:413(e). Under Rule of Evidence 2:403, "[r]elevant evidence may be excluded if . . . the probative value of the evidence is substantially outweighed by . . . the danger of unfair prejudice."

"Generally, evidence of a defendant's other criminal acts is 'inadmissible to prove guilt of the crime for which the accused is on trial . . . .'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 698 (2019) (quoting *Gonzales v. Commonwealth*, 45 Va. App. 375, 380 (2005)). This default rule prevents the introduction of prior bad acts to prove the defendant's propensity to perform a specific bad act at issue in the case. *See id.*; Va. R. Evid. 2:404(b). But under Rule 2:413, the legislature established an exception, permitting the Commonwealth to introduce "evidence in the form of a defendant's prior conviction in prosecutions for felony sexual offenses against a child 'for the purpose of establishing propensity to commit other sexual offenses.'" *Blankenship*, 69 Va. App. at 701 (quoting *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007)).

Under Rule 2:413(a), Moison's prior convictions were admissible to show that he had a propensity to commit sexual offenses against children. The trial court did not abuse its discretion in finding that Moison's prior conviction orders were relevant for the purpose of providing context to the Commonwealth's case and Moison's propensity to commit sexual offenses. Rule

2:413(a) provides that a prior conviction "is admissible and may be considered for its bearing on any matter to which it is relevant."

Under Rule 2:413(e), a trial court must still weigh the probative value of a prior conviction against its incidental prejudice under Rule 2:403. To be excluded, "the danger of unfair prejudice" must "substantially outweigh[]" the evidence's probative value. Va. R. Evid. 2:403(a). "It is well-settled that '[t]he responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court.'" *Walker v. Commonwealth*, 302 Va. 304, 320 (2023) (alteration in original) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 715 (2008)). "'[U]nfair prejudice' refers to the tendency of some proof to inflame the passions of the trier of fact, or to invite decision based upon a factor unrelated to the elements of the claims and defenses in the pending case." *Id.* (alteration in original) (quoting *Lee v. Spoden*, 290 Va. 235, 251 (2015)). The term "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* at 320-21 (quoting *Lee*, 290 Va. at 251-52).

Here, we conclude that the trial court did not abuse its discretion in admitting the convictions. We consider the probative value of the evidence. *See* Va. R. Evid. 2:403(a). Moison's prior convictions were relevant to whether he committed the present offense, when viewed with all the other admitted evidence. Because this was a proper use of the evidence, Moison did not suffer any unfair prejudice.

We acknowledge, as did the trial court, that evidence of a prior conviction, particularly of a sexual offense related to a minor, is prejudicial to the defendant, and likely to inflame a jury's emotions. *See Walker*, 302 Va. at 320. But given the other relevant evidence of Moison's conduct, the incremental prejudice of introducing evidence of the convictions was relatively minor. We thus cannot say that no reasonable jurist could have concluded that the probative

value of the convictions was not substantially outweighed by the added prejudice. *See* Va. R. Evid. 2:403; *Hicks*, 71 Va. App. at 270. Thus, the trial court did not abuse its discretion in admitting the evidence of Moison's prior convictions.

To the extent Moison argues that *Blankenship* was wrongly decided, we note that the interpanel-accord doctrine provides that a decision of a prior panel of this Court "'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court." *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)). Accordingly, we do not address this portion of Moison's argument.

II.

"We review appellant's challenge to the trial court's denial of his motion to strike under familiar principles." *Vay v. Commonwealth*, 67 Va. App. 236, 249 (2017). "In the context of a jury trial, a trial court does 'not err in denying [a] motion to strike the evidence [when] the Commonwealth present[s] a *prima facie* case for consideration by the fact finder.'" *Id.* (alterations in original) (quoting *Hawkins v. Commonwealth*, 64 Va. App. 650, 657 (2015)). "A motion to strike challenges whether the evidence is sufficient to submit the case to the jury." *Linnon v. Commonwealth*, 287 Va. 92, 98 (2014).

Further, "reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v.*

- 6 -

*Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).[3]

Under Code § 18.2-67.3(A)(1), a person "is guilty of aggravated sexual battery if he or she sexually abuses the complaining witness" and the victim "is less than 13 years of age[.]" "Sexual abuse," committed "with the intent to sexually molest, arouse, or gratify any person," occurs when the "accused intentionally touches the complaining witness's intimate parts . . . ." Code § 18.2-67.10(6). "'Intimate parts' means the genitalia, anus, groin, breast, or buttocks of any person." Code § 18.2-67.10(2).

Code § 18.2-370.1 provides, in pertinent part, that

> [a]ny person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or who stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally . . . (vi) sexually abuses the child as defined in subdivision 6 of § 18.2-67.10 is guilty of a Class 6 felony.

Moison argues that G.S.'s testimony was contrary to human experience and the physical facts and, as such, was inherently incredible. He emphasizes G.S.'s delay in reporting the abuse, inconsistencies in her account, and the lack of corroborating evidence.

---

[3] *See supra* n.2.

Settled law holds that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). "As we have noted, '[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" *Id.* at 88 (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

Our cases recognize that a "victim's youth, fright and embarrassment certainly provide[] the jury with an acceptable explanation for [delayed reporting of sexual assault]." *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991); s*ee also Wilson*, 46 Va. App. at 88 (holding that a 12-year-old victim's delayed report due to her fear of the defendant and "shame and embarrassment . . . " was consistent with human experience); *Love v. Commonwealth*, 18 Va. App. 84 (1994) (holding that a 13-year-old victim's 7-year delay in reporting ongoing sexual abuse did not render her testimony inherently incredible).

Here, G.S. explained that she delayed reporting the incidents because she was scared, that she feared her parents would not be receptive to such a report, and she hoped to put the entire experience behind her. Despite the length of the delay, the jury permissibly accepted G.S.'s explanation and her account of what had occurred to her during childhood.

The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness's] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App.

740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).  "Where credibility issues are resolved by the jury in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong."  *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).  Moreover, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).

"When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree."  *Smith*, 56 Va. App. at 718 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).  As long as a "witness deposes as to facts[,] which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony."  *Id.* (alteration in original) (quoting *Swanson*, 8 Va. App. at 379).  "If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court."  *Id.* at 718-19 (quoting *Swanson*, 8 Va. App. at 379).

The jury believed G.S.'s testimony and rejected Moison's denials that he sexually abused her.  Despite the delay in reporting the abuse, G.S. clearly recalled the details of the events and stated with certainty that they had occurred.  Further, the evidence established that Moison was in a custodial relationship with G.S. at the time of the offense.

The record fully supports the trial court's conclusion that the Commonwealth presented a prima facie case for consideration by the fact finder and therefore did not err by denying Moison's motion to strike and submitting the case to the jury.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt

that Moison was guilty of aggravated sexual battery and taking indecent liberties with a child in a custodial relationship.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*